[969 NE2d 215, 946 NYS2d 98]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRAY GILLIAM, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO DE LUNA, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUINTRELL JOE, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL NORTON, Appellant.

Decided May 8, 2012

**APPEARANCES OF COUNSEL**

*Hiscock Legal Aid Society*, Syracuse (*Philip Rothschild* of counsel), for appellant in the first above-entitled action.

844

*William J. Fitzpatrick, District Attorney*, Syracuse (*James P. Maxwell* of counsel), for respondent in the first above-entitled action.

*Center for Appellate Litigation*, New York City (*Lisa A. Packard* and *Robert S. Dean* of counsel), for appellant in the second above-entitled action.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Nicole A. Coviello* of counsel), for respondent in the second above-entitled action.

*Hiscock Legal Aid Society*, Syracuse (*Christine M. Cook* of counsel), for appellant in the third above-entitled action.

*William J. Fitzpatrick, District Attorney*, Syracuse (*Victoria M. White* and *James P. Maxwell* of counsel), for respondent in the third above-entitled action.

*Timothy P. Donaher, Public Defender*, Rochester (*Kimberly F. Duguay* of counsel), for appellant in the fourth above-entitled action.

*Sandra Doorley, District Attorney*, Rochester (*Leslie E. Swift* of counsel), for respondent in the fourth above-entitled action.

### OPINION OF THE COURT

MEMORANDUM.

In each case, the order of the Appellate Division should be reversed and the matter remitted to that Court for further proceedings in accordance with this memorandum.

In these unrelated cases, defendants pleaded guilty to a particular crime and waived the right to appeal. Each defendant subsequently challenged the validity of the waiver and asserted that the sentence was excessive. The Appellate Division summarily affirmed without indicating whether it relied on the waiver or determined that the sentencing claim lacked merit (*People v Gilliam*, 86 AD3d 923 [4th Dept 2011], *lv granted* 17 NY3d 953 [2011]; *People v de Luna*, 86 AD3d 433 [1st Dept 2011], *lv granted* 17 NY3d 952 [2011]; *People v Joe*, 87 AD3d 1266 [4th Dept 2011], *lv granted* 18 NY3d 859 [2011]; *People v Norton*, 87 AD3d 1310 [4th Dept 2011], *lv granted* 18 NY3d 861 [2011]). This was impermissible under *People v Qoshja* (17 NY3d 910, 911 [2011]). Consequently, we reverse and remit each case to the Appellate Division for clarification of the basis of its decision.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

In *People v de Luna*: On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.

In *People v Gilliam, People v Joe* and *People v Norton*: On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed and case remitted to the Appellate Division, Fourth Department, for further proceedings in accordance with the memorandum herein.