# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**859/11**
**KA 08-00219**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, AND FAHEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

QUINTRELL JOE, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered August 31, 2007. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree. The judgment was affirmed by order of this Court entered September 30, 2011 (87 AD3d 1266), and defendant on December 16, 2011 was granted leave to appeal to the Court of Appeals from the order of this Court (18 NY3d 859), and the Court of Appeals on May 8, 2012 reversed the order and remitted the case to this Court for clarification of the basis of this Court's decision (___ NY3d ___ [May 8, 2012]).

Now, upon remittitur from the Court of Appeals,

It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed.

Memorandum: On a prior appeal (*People v Joe*, 87 AD3d 1266, *revd* ___ NY3d ___ [May 8, 2012]), we summarily affirmed the judgment convicting defendant of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]). Defendant's sole contention was that his sentence was unduly harsh and severe. In reversing our order, the Court of Appeals concluded that it was impermissible for this Court to affirm the judgment summarily "without indicating whether [we] relied on the waiver [of the right to appeal] or determined that the sentencing claim lacked merit" (*Joe*, ___ NY3d at ___). The Court remitted the matter to this Court "for clarification of the basis of [our] decision" (*id.* at ___).

Upon remittitur, we conclude that defendant's waiver of the right to appeal is invalid inasmuch as the minimal perfunctory inquiry made by Supreme Court was "insufficient to establish that the court 'engage[d] the defendant in an adequate colloquy to ensure that the

waiver of the right to appeal was a knowing and voluntary choice' " (*People v Brown*, 296 AD2d 860, *lv denied* 98 NY2d 767; *see People v Hamilton*, 49 AD3d 1163, 1164).  We further conclude, however, that the sentence is not unduly harsh or severe.