# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**923/11**
**KA 08-02581**
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DARNELL NORTON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered May 6, 2008. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree. The judgment was affirmed by order of this Court entered September 30, 2011 (87 AD3d 1310), and defendant on December 16, 2011 was granted leave to appeal to the Court of Appeals from the order of this Court (18 NY3d 861), and the Court of Appeals on May 8, 2012 reversed the order and remitted the case to this Court for clarification of the basis of this Court's decision (___ NY3d ___ [May 8, 2012]).

Now, upon remittitur from the Court of Appeals,

It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed.

Memorandum: In a prior appeal (*People v Norton*, 87 AD3d 1310, *revd* ___ NY3d ___ [May 8, 2012]), we summarily affirmed the judgment convicting defendant of robbery in the first degree (Penal Law § 160.15 [2]). Defendant had contended that his sentence was unduly harsh and severe. In reversing our order, the Court of Appeals concluded that this Court may not summarily affirm the judgment "without indicating whether [we] relied on the waiver [of the right to appeal] or determined that the sentencing claim lacked merit" (*Norton*, ___ NY3d at ___). The Court remitted the matter to this Court "for clarification of the basis of [our] decision" (*id.* at ___).

Upon remittal, we clarify that we previously reviewed the merits of defendant's contention, having determined that there was no valid waiver of the right to appeal, and we concluded that the sentence is not unduly harsh or severe. Although Supreme Court referred to a waiver of the right to appeal at the time of the plea, no oral waiver

was elicited from defendant.  In addition, neither the written waiver of the right to appeal in the record nor the court's brief mention of that waiver during the plea proceeding distinguished the waiver of the right to appeal from those rights automatically forfeited upon a plea of guilty.  Consequently, the record failed to "establish that the defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v Lopez*, 6 NY3d 248, 256).

Entered:  June 15, 2012                          Frances E. Cafarell
                                                 Clerk of the Court