# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

826/11
KA 09-00930
PRESENT: SMITH, J.P., CENTRA, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

TYRAY GILLIAM, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

TYRAY GILLIAM, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered May 28, 2008. The judgment convicted defendant, upon his plea of guilty, of rape in the second degree. The judgment was affirmed by order of this Court entered July 1, 2011 (86 AD3d 923), and defendant on November 28, 2011 was granted leave to appeal to the Court of Appeals from the order of this Court (17 NY3d 953), and the Court of Appeals on May 8, 2012 reversed the order and remitted the case to this Court for clarification of the basis of this Court's decision (___ NY3d ___ [May 8, 2012]).

Now, upon remittitur from the Court of Appeals,

It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed.

Memorandum: In a prior appeal (*People v Gilliam*, 86 AD3d 923, *revd* ___ NY3d ___ [May 8, 2012]), we summarily affirmed the judgment convicting defendant of rape in the second degree (Penal Law § 130.30 [1]). Defendant had contended that his sentence was unduly harsh and severe. In reversing our order, the Court of Appeals concluded that we may not summarily affirm a judgment "without indicating whether [we] relied on the waiver [of the right to appeal] or determined that the sentencing claim lacked merit" (*Gilliam*, ___ NY3d at ___). The Court remitted the matter to this Court "for clarification of the basis of [our] decision" (*id.* at ___).

Upon remittal, we conclude that defendant's unrestricted waiver of the right to appeal encompassed his right to challenge the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 737). To the extent that defendant in his pro se supplemental brief challenges "the

denial of his CPL 190.80 motion for release on his own recognizance predicated on the alleged failure to indict him within 45 days of his arrest, we note that such a challenge became moot when the indictment was issued" (*People v Phillips*, 277 AD2d 816, 819, *lv denied* 96 NY2d 804).  The remaining contention of defendant in his pro se supplemental brief, which concerns a matter raised in his omnibus motion, is not properly before us.  That contention is also encompassed by defendant's unrestricted waiver of the right to appeal and, in any event, "[t]he record reflects that defendant withdrew his omnibus motion as part of the plea of guilty, thereby foreclosing our review of the issues raised therein" (*People v Thousand*, 41 AD3d 1272, 1273, *lv denied* 9 NY3d 927; *see People v Williams*, 55 AD3d 759; *People v Gully*, 17 AD3d 382, *lv denied* 5 NY3d 763).

Entered:  June 15, 2012                    Frances E. Cafarell
                                           Clerk of the Court