# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1002**
**KA 13-01957**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ERIC HARRIS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered October 11, 2013. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20). We agree with defendant that the waiver of the right to appeal is invalid because "the minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Hassett*, 119 AD3d 1443, 1443-1444, *lv denied* 24 NY3d 961 [internal quotation marks omitted]). " '[A]lthough the record establishes that defendant executed a written waiver of the right to appeal, there was no colloquy between [the c]ourt and defendant regarding the waiver of the right to appeal to ensure that' defendant was aware that it encompassed his challenge to the severity of the sentence" (*People v Avellino*, 119 AD3d 1449, 1449-1450). We nevertheless reject defendant's contention that the sentence is unduly harsh and severe.

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court