# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

91
KA 15-01824
PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

DIONTE CARROLL, DEFENDANT-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (JOHN GILSENAN, OF THE PENNSYLVANIA AND MICHIGAN BARS, ADMITTED PRO HAC VICE, OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

----------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered February 27, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). We agree with defendant that the waiver of the right to appeal is invalid because " 'the minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Jones*, 107 AD3d 1589, 1589, *lv denied* 21 NY3d 1075). Contrary to the People's contention, the written waiver of the right to appeal, which was not signed until sentencing, does not serve to validate the otherwise inadequate oral waiver where, as here, "there is no indication that [the court] obtained a knowing and voluntary waiver of that right at the time of the plea" (*People v Sims*, 129 AD3d 1509, 1510, *lv denied* 26 NY3d 935; *see People v Lawson* [appeal No. 7], 124 AD3d 1249, 1250). We nevertheless conclude that the sentence is not unduly harsh or severe.

Entered: March 24, 2017                          Frances E. Cafarell
                                                 Clerk of the Court