# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**403**

**KA 16-01415**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT.

V                                                    MEMORANDUM AND ORDER

JERRY MASSEY, DEFENDANT-APPELLANT,

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered June 12, 2015. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]). We reject defendant's contention that his waiver of the right to appeal was not knowingly, voluntarily, and intelligently entered (*see generally People v Lopez*, 6 NY3d 248, 256). County Court "did not conflate that right with those automatically forfeited by a guilty plea" (*People v McCrea*, 140 AD3d 1655, 1655, *lv denied* 28 NY3d 933 [internal quotation marks omitted]), and we conclude that "the court engaged defendant 'in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Marshall*, 144 AD3d 1544, 1545). Defendant's contention that his plea was not knowingly, voluntarily, and intelligently entered because he did not recite the elements of the crime and only agreed with the court's description of the incident is actually a challenge to the factual sufficiency of the plea allocution, which is foreclosed by defendant's valid waiver of the right to appeal (*see People v Dale*, 142 AD3d 1287, 1288, *lv denied* 28 NY3d 1144).

Defendant further contends that his guilty plea was not knowingly, intelligently, and voluntarily entered and that the court abused its discretion in denying his motion to withdraw his plea on that ground without first conducting a hearing. Although that contention survives defendant's waiver of the right to appeal (*see id.*), the record establishes that defendant withdrew his motion to withdraw his guilty plea and thereby waived any contention with

respect to that motion (*see People v Harris*, 97 AD3d 1111, 1112, *lv denied* 19 NY3d 1026; *People v Gilliam*, 96 AD3d 1650, 1651, *lv denied* 19 NY3d 1026).

To the extent that defendant's contention that he was denied effective assistance of counsel survives his valid waiver of the right to appeal (*see People v Rausch*, 126 AD3d 1535, 1535, *lv denied* 26 NY3d 1149), we conclude that it lacks merit. Defendant has not shown that his motion to withdraw his guilty plea would have been successful if not withdrawn (*see Harris*, 97 AD3d at 1112). Moreover, defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of [defense] counsel" (*Dale*, 142 AD3d at 1290 [internal quotation marks omitted]).

Finally, the valid waiver of the right to appeal forecloses defendant's challenge to the severity of his sentence (*see generally Lopez*, 6 NY3d at 255-256).

Entered: April 28, 2017                           Frances E. Cafarell
                                                   Clerk of the Court