■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HOMER, Appellant. [57 NYS3d 328]—Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered September 4, 2014. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of assault in the second degree (Penal Law § 120.05 [9]). We agree with defendant that the waiver of the right to appeal is invalid because "the minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Carroll*, 148 AD3d 1546, 1546 [2017] [internal quotation marks omitted]; *see People v Harris*, 148 AD3d 1694, 1694 [2017], *lv denied* 29 NY3d 1032 [May 26, 2017]; *cf. People v Massey*, 149 AD3d 1524, 1525 [2017]). Moreover, the colloquy concerning the waiver of the right to appeal, which was immediately preceded by a colloquy concerning the rights automatically forfeited by a guilty plea, conflated the right to appeal with the rights forfeited by a guilty plea (*cf. Massey*, 149 AD3d at 1525). "[T]he written waiver of the right to appeal, which was not signed until sentencing, does not serve to validate the otherwise inadequate oral waiver where, as here, 'there is no indication that [the court] obtained a knowing and voluntary waiver of that right at the time of the plea' " (*Carroll*, 148 AD3d at 1546-1547). Nevertheless, considering defendant's criminal record, which includes two prior felony convictions, we perceive no basis upon which to modify the sentence as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]). Present—Whalen, P.J., Carni, Lindley, Curran and Scudder, JJ.