People v Lefler (2018 NY Slip Op 01790)





People v Lefler


2018 NY Slip Op 01790


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


326 KA 15-01284

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DONALD LEFLER, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered December 23, 2014. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law
§ 130.35 [4]). We reject defendant's contention that his waiver of the right to appeal was not knowing, voluntary, and intelligent (see generally People v Lopez, 6 NY3d 248, 256 [2006]). County Court "did not conflate that right with those automatically forfeited by a guilty plea" (People v McCrea, 140 AD3d 1655, 1655 [4th Dept 2016], lv denied 28 NY3d 933 [2016] [internal quotation marks omitted]), and we conclude that "the court engaged defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Massey, 149 AD3d 1524, 1525 [4th Dept 2017] [internal quotation marks omitted]). The valid waiver of the right to appeal forecloses defendant's challenge to the severity of his sentence (see generally Lopez, 6 NY3d at 255).
Defendant further contends that his guilty plea was not knowingly, intelligently, and voluntarily entered and that the court abused its discretion in denying his motion to withdraw his plea on that ground. Although that contention survives defendant's waiver of the right to appeal (see Massey, 149 AD3d at 1525), defendant's claim that he "did not fully understand what he was doing" is belied by the record. Defendant articulated to the court that he fully understood the rights he was giving up as part of the plea bargain and that he had consulted with his attorney. He further admitted his guilt, recited all of the elements and facts of the crime with which he was charged, and stated that his decision to plead guilty was voluntary. Thus, we conclude that the court did not abuse its discretion in denying defendant's motion to vacate the plea (see generally People v Schluter, 136 AD3d 1363, 1364 [4th Dept 2016], lv denied 27 NY3d 1138 [2016]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court