People v Willis (2018 NY Slip Op 03291)





People v Willis


2018 NY Slip Op 03291


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND CURRAN, JJ.


603 KA 15-00702

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
IRA T. WILLIS, ALSO KNOWN AS PEE WEE, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered July 3, 2012. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). We agree with defendant that the waiver of the right to appeal is invalid. Supreme Court did not elicit the waiver until after defendant had pleaded guilty and, in any event, "the record fails to establish that [the court] engaged him in an adequate colloquy to ensure that the waiver was a knowing and voluntary choice" (People v Blackwell, 129 AD3d 1690, 1690 [4th Dept 2015], lv denied 26 NY3d 926 [2015]). Furthermore, "neither the written waiver of the right to appeal in the record nor the court's brief mention of that waiver during the plea proceeding distinguished the waiver of the right to appeal from those rights automatically forfeited upon a plea of guilty" (People v Norton, 96 AD3d 1651, 1652 [4th Dept 2012], lv denied 19 NY3d 999 [2012]; see People v Lopez, 6 NY3d 248, 256 [2006]; People v Alston, 101 AD3d 1672, 1672 [4th Dept 2012]).
We further agree with defendant that the court erred in failing to determine whether he should be afforded youthful offender status (see People v Rudolph, 21 NY3d 497, 501 [2013]; People v Quinones, 129 AD3d 1699, 1700 [4th Dept 2015]). As the People correctly concede, defendant is an eligible youth, and the sentencing court must make "a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it" (Rudolph, 21 NY3d at 501; see People v Lester, 155 AD3d 1579, 1579 [4th Dept 2017]). We therefore hold the case, reserve decision, and remit the matter to Supreme Court to make and state for the record a determination whether defendant should be afforded youthful offender status (see Rudolph, 21 NY3d at 503; Lester, 155 AD3d at 1579).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court