People v Hines (2019 NY Slip Op 01028)





People v Hines


2019 NY Slip Op 01028


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND CURRAN, JJ.


1192 KA 16-02291

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN S. HINES, ALSO KNOWN AS DANCE, JOHN, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered September 26, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the third degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of three counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree
(§ 220.16 [1]). We reject defendant's contention that his waiver of the right to appeal was not knowing, voluntary, and intelligent (see generally People v Lopez, 6 NY3d 248, 256 [2006]). Supreme Court "did not conflate that right with those automatically forfeited by a guilty plea" (People v McCrea, 140 AD3d 1655, 1655 [4th Dept 2016], lv denied 28 NY3d 933 [2016] [internal quotation marks omitted]), and we conclude that "the court engaged defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (People v Massey, 149 AD3d 1524, 1525 [4th Dept 2017], amended on rearg on other grounds 151 AD3d 1969 [4th Dept 2017], lv denied 30 NY3d 981 [2017] [internal quotation marks omitted]). Defendant's contention that his plea was not knowingly, voluntarily, and intelligently entered because he did not recite the elements of the crimes and replied only "yes" or "no" to many of the court's questions is actually a challenge to the factual sufficiency of the plea allocution, which is foreclosed by defendant's valid waiver of the right to appeal (see People v Livermore, 161 AD3d 1569, 1569 [4th Dept 2018], lv denied 32 NY3d 939 [2018]; Massey, 149 AD3d at 1525). The valid waiver of the right to appeal also forecloses defendant's challenge to the severity of his sentence (see generally Lopez, 6 NY3d at 255).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court