People v Colbert (2019 NY Slip Op 07182)





People v Colbert


2019 NY Slip Op 07182


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND TROUTMAN, JJ.


888 KA 17-01706

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAWRENCE COLBERT, JR., DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered October 4, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted murder in the second degree (Penal Law
§§ 110.00, 125.25 [1]), defendant contends that his waiver of the right to appeal was invalid because the oral and written waivers were inadequate. We reject that contention. The plea allocution establishes that the oral waiver was voluntarily, knowingly, and intelligently entered, even though defendant gave one-word answers to County Court's questions (see People v Frazier, 63 AD3d 1633, 1633 [4th Dept 2009], lv denied 12 NY3d 925 [2009]; cf. People v Wilson, 159 AD3d 1542, 1544 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]). Although a "written waiver of the right to appeal . . . does not serve to validate [an] otherwise inadequate oral waiver where . . . there is no indication that [the court] obtained a knowing and voluntary waiver of that right at the time of the plea" (People v Homer, 151 AD3d 1949, 1949 [4th Dept 2017], lv denied 30 NY3d 950 [2017] [internal quotation marks omitted]), here, the oral waiver was adequate. Defendant's valid waiver of the right to appeal forecloses his challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255 [2006]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court