People v Gonzalez (2020 NY Slip Op 04060)





People v Gonzalez


2020 NY Slip Op 04060


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


631 KA 16-01367

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LUIS GONZALEZ, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered August 1, 2016. The appeal was held by this Court by order entered April 26, 2019, decision was reserved and the matter was remitted to Onondaga County Court for further proceedings (171 AD3d 1502 [4th Dept 2019]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: We previously held this case, reserved decision, and remitted the matter to County Court to make and state for the record a determination of whether defendant is a youthful offender (People v Gonzalez, 171 AD3d 1502, 1503 [4th Dept 2019]; see generally People v Middlebrooks, 25 NY3d 516, 525-527 [2015]). On remittal, the court denied defendant youthful offender treatment. Specifically, the court found no mitigating circumstances that bore directly on the manner in which the crime was committed and, therefore, defendant was not an eligible youth upon his conviction of assault in the first degree (Penal Law § 120.10 [1]), an offense in which he was the sole participant (see CPL 720.10 [2] [a] [ii]; [3]; People v Lewis, 128 AD3d 1400, 1400 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]). The court did not thereby abuse its discretion (see People v Agee, 140 AD3d 1704, 1704 [4th Dept 2016], lv denied 28 NY3d 925 [2016]).
We agree with defendant that his waiver of the right to appeal is invalid inasmuch as there is no indication that the court obtained a knowing and voluntary waiver of that right at the time defendant entered the plea (see People v Carroll, 148 AD3d 1546, 1546-1547 [4th Dept 2017], lv denied 29 NY3d 1077 [2017]). Here, the oral colloquy with respect to the purported waiver occurred at sentencing (see People v Brown, 148 AD3d 1562, 1562-1563 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]; People v Sims, 129 AD3d 1509, 1510 [4th Dept 2015], lv denied 26 NY3d 935 [2015]) and, although the written waiver bears the same date as the plea proceeding, the court did not obtain from defendant an acknowledgment that he had signed it or that he was aware of and understood its contents (see People v McIlwain, 158 AD3d 1177, 1177-1178 [4th Dept 2018]; People v Hibbard, 148 AD3d 1538, 1539 [4th Dept 2017]). Moreover, we note that the written waiver is inadequate inasmuch as it did not distinguish the right to appeal from the other rights given up when pleading guilty (see People v Norton, 96 AD3d 1651, 1652 [4th Dept 2012], lv denied 19 NY3d 999 [2012]).
Nevertheless, the sentence is not unduly harsh or severe.
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court