People v Williams (2021 NY Slip Op 04861)





People v Williams


2021 NY Slip Op 04861


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


589 KA 18-02443

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
COURTNEY A. WILLIAMS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLYSON L. KEHL-WIERZBOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Richard C. Kloch, Sr., A.J.), rendered April 27, 2017. The appeal was held by this Court by order entered July 17, 2020, decision was reserved and the matter was remitted to Niagara County Court for further proceedings (185 AD3d 1456 [4th Dept 2020]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]). When the appeal was previously before us, we held the case, reserved decision, and remitted the matter to County Court "to make and state for the record a determination whether defendant is an eligible youth within the meaning of CPL 720.10 (3) and, if so, whether defendant should be afforded youthful offender status" (People v Williams, 185 AD3d 1456, 1457 [4th Dept 2020]). Upon remittal, the court determined that defendant is not an "eligible youth" because neither of the CPL 720.10 (3) factors was present and stated the reasons for that determination on the record (People v Gonzalez, 171 AD3d 1502, 1503 [4th Dept 2019]). We now affirm.
Defendant contends that his waiver of the right to appeal is invalid and does not encompass his challenge to the court's determination that he is not an eligible youth within the meaning of CPL 720.10 (3) or his challenge to the severity of the sentence. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and therefore does not preclude our review of those challenges (see People v Barr, 192 AD3d 1571, 1571 [4th Dept 2021], lv denied 37 NY3d 954 [2021]; People v Middlebrooks, 167 AD3d 1483, 1484 [4th Dept 2018], lv denied 32 NY3d 1207 [2019], reconsideration denied 33 NY3d 1033 [2019]), we conclude that the court did not abuse its discretion in concluding that defendant was not an eligible youth and denying his request for youthful offender treatment (see People v Jones, 166 AD3d 1479, 1480 [4th Dept 2018], lv denied 32 NY3d 1205 [2019]). We decline to exercise our discretion in the interest of justice to determine that the CPL 720.10 (3) factors exist and to adjudicate defendant a youthful offender (see generally People v Williams, 159 AD3d 1397, 1397 [4th Dept 2018], lv denied 31 NY3d 1089 [2018]). Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court