People v Thomas (2022 NY Slip Op 04267)

People v Thomas

2022 NY Slip Op 04267

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND CURRAN, JJ.

580 KA 15-02163

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASPAR S. THOMAS, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered February 10, 2015. The appeal was held by this Court by order entered February 1, 2019, decision was reserved and the matter was remitted to Supreme Court, Monroe County, for further proceedings (169 AD3d 1451 [4th Dept 2019]). The proceedings were held and completed (Judith A. Sinclair, J.). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of five counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a], [b]). We previously held this case, reserved decision, and remitted the matter to Supreme Court to make and state for the record a determination whether defendant is an eligible youth within the meaning of CPL 720.10 (3) and, if so, whether defendant should be afforded youthful offender status (People v Thomas, 169 AD3d 1451, 1452 [4th Dept 2019]). Upon remittal, the court found that defendant was not an eligible youth upon his conviction of an armed felony offense inasmuch as there were no mitigating circumstances that bore directly on the manner in which the crime was committed and, although defendant was not the sole participant in the crime, his participation was not relatively minor (see CPL 720.10 [2] [a] [ii]; [3]). Contrary to defendant's contention, the court did not abuse its discretion in concluding that defendant was not an eligible youth and therefore denying defendant youthful offender treatment (see People v Williams, 197 AD3d 975, 976 [4th Dept 2021], lv denied 37 NY3d 1062 [2021]; People v Gonzalez, 185 AD3d 1436, 1436-1437 [4th Dept 2020], lv denied 35 NY3d 1094 [2020]).
Defendant's further contention that the sentence is unduly harsh and severe was not raised when this appeal was initially heard and may not be raised for the first time following our remittal (see People v Muridi M., 140 AD3d 1642, 1643 [4th Dept 2016], lv denied 28 NY3d 934 [2016]; see also People v Reid, 97 AD3d 1037, 1038-1039 [3d Dept 2012], lv denied 19 NY3d 1104 [2012]).
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court