People v Camber
2026 NY Slip Op 04081
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RONZELL CAMBER, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
385 KA 23-01766
Present: Whalen, P.J., Bannister, Montour, Nowak, And Hannah, JJ.

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered January 25, 2022. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree (three counts) and reckless endangerment in the second degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, three counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]). Defendant's contention that Supreme Court should have dismissed the indictment because the People's certificate of compliance was illusory and the court failed to make sufficient inquiry into the People's actual readiness for trial is unpreserved for our review because defendant did not move to dismiss the indictment on those grounds (see People v Robinson, 225 AD3d 1266, 1267-1268 [4th Dept 2024], lv denied 42 NY3d 1021 [2024]; People v Elmore, 211 AD3d 1536, 1538 [4th Dept 2022], lv denied 42 NY3d 938 [2024]). Prior to the plea colloquy, the court acknowledged that defendant's former counsel had prepared but not filed a motion seeking dismissal of the indictment on speedy trial grounds. Further, defendant's counsel at the time of the plea confirmed that sufficient discovery had been received, thereby effectively withdrawing any purported motion (see People v Gilliam, 96 AD3d 1650, 1651 [4th Dept 2012], lv denied 19 NY3d 1026 [2012]).
Contrary to defendant's contention, the court properly denied that part of his omnibus motion seeking to suppress physical evidence as the product of an unlawful stop. The police may stop a vehicle "when there exists at least a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime" (People v Spencer, 84 NY2d 749, 753 [1995], cert denied 516 US 905 [1995]; see People v Hinshaw, 35 NY3d 427, 430 [2020]; People v Floyd, 158 AD3d 1146, 1147 [4th Dept 2018], lv denied 31 NY3d 1081 [2018]). Here, a law enforcement officer who reviewed surveillance video of a suspect firing a weapon from a vehicle took note of the make, model, and license plate color of the vehicle, the number of occupants, and details regarding both occupants' clothing. The officer relayed those details to a second law enforcement officer who then effected the stop of the vehicle in which defendant was a passenger after confirming that the vehicle and its occupants matched that description (see Floyd, 158 AD3d at 1147; see generally People v Moss, 232 AD3d 1327, 1328 [4th Dept 2024]). We therefore conclude that the officer who effected the stop had reasonable suspicion that an occupant of that vehicle had committed a crime (see Floyd, 158 AD3d at 1147).
Finally, we conclude that the sentence in not unduly harsh or severe.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court