■ The People of the State of New York, Respondent, v Daniel Griffin, Appellant.—Judgment of the Supreme Court, New York County (J. Leff, J.), entered on June 15, 1983, which, following a jury trial, convicted defendant of robbery in the first degree (two counts) Penal Law § 160.15; burglary in the first degree (two counts) Penal Law § 140.30; criminal use of a firearm in the first degree (two counts) Penal Law § 265.09; and robbery in the second degree, Penal Law § 160.10, and sentenced him to six concurrent terms of 7 to 14 years on each of the robbery, burglary and criminal use of a firearm charges, and a concurrent term of 3 to 6 years on the robbery in the second degree count is modified on the law, to reduce the minimum sentences to one third of the maximum (4 and ⅔ to 14 years) on the counts of robbery in the first degree (threatening the use of a knife) and burglary in the first degree (threatening the use of a knife); and to one third of the maximum (2 to 6 years) for robbery in the second degree (aided by another actually present), and as so modified, is otherwise affirmed.

On December 17, 1983, defendant, together with three individuals, accosted Karen Krauss in the elevator of her apartment residence and held a gun to her head. They dragged her to the stairwell, robbed her of jewelry, and then forced her to let them enter her apartment, which they then ransacked,

while holding a gun and knife to her head. The victim was tied to a chair while her assailants stole more jewelry, money and clothing. Documents which contained defendant's resume, letters of reference, and employment verification certificates, were found in the victim's apartment. The victim positively identified the defendant as her assailant in a police lineup.

Defendant argues that he was deprived of his constitutional right to a fair trial, that prejudicial evidence outweighing its probative value as well as identification testimony giving a negative inference that the defendant had a prior criminal record were admitted. These arguments are without merit.

Defendant also contends that the criminal use of a firearm counts are multiplicious to the robbery and burglary counts which require the display of such a weapon during the commission of the crime. (See, Penal Law §§ 140.30 [1], 160.15 [2].) This issue is not reviewable on appeal because the defendant failed to challenge the indictment or object to the submission of the criminal use of a firearm charge to the jury. (CPL 470.05 [2]; *People v Bones,* 103 AD2d 1012.)

An armed class B violent felony may, in the discretion of the court, result in a minimum sentence from one third to one half the maximum sentence, Penal Law § 70.02 (4). The counts of robbery in the first degree and burglary in the first degree involving the use of a knife do not fall within the category of "Armed felony" defined by CPL 1.20 (41). The count of second degree robbery (aided by another person actually present) is also not an armed felony under CPL 1.20 (41). The minimum sentences for these three counts are therefore reduced to one third the maximum sentences. Concur—Kupferman, J. P., Sullivan, Ross, Fein and Rosenberger, JJ.