■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SCARPETTA, Appellant.—Judgment of the Supreme

Court, Bronx County (John Collins, J.), rendered June 28, 1984, convicting defendant, upon his pleas of guilty, of seven counts of robbery in the first degree and sentencing him to concurrent indeterminate prison terms of 9 to 18 years, unanimously modified, on the law, to reverse as to the sentences, vacate the sentences imposed and remand to the Supreme Court, Bronx County, for further proceedings, and otherwise affirmed.

Defendant's sentences were predicated upon defendant's presumed status as an armed felony offender. Robbery in the first degree is considered a violent felony offense (Penal Law § 70.02 [1] [a]) and a defendant convicted of that crime must be sentenced to an indeterminate prison term, the minimum of which must be one third the maximum (Penal Law § 70.02, [4]). A minimum term of imprisonment equal to one half the maximum may be imposed if the robbery is an armed felony offense (Penal Law § 70.02 [4]). An armed felony is defined by CPL 1.20 (41) as a crime involving:

"(a) possession, being armed with or causing serious physical injury by means of a deadly weapon, if the weapon is a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, may be discharged; or

"(b) display of what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm."

Thus, a felony committed with a weapon other than a firearm is not an armed felony. Defendant's robbery offenses each involved the use of a knife but no firearm. Consequently, the sentencing of defendant as an armed felony offender was illegal and we vacate and remand. Concur—Sullivan, J. P., Asch, Fein, Kassal and Ellerin, JJ.