■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR REYES JIMINEZ, Appellant.—Judgments of the Supreme Court, New York County (Joan B. Carey, J.), all rendered on February 1, 1988, convicting defendant, upon his pleas of guilty, of robbery in the first degree and two counts of criminal possession of a weapon in the third degree and sentencing him to consecutive terms of imprisonment of 6 to 12 years, 1 to 3 years and 1 to 3 years, respectively, unanimously affirmed.

Defendant's sentences were predicated upon defendant's status as an armed felony offender. Robbery in the first degree is a violent felony offense. (Penal Law § 70.02 [1] [a].) A defendant convicted of that crime must be sentenced to an indeterminate prison term, the minimum of which must be one third the maximum (Penal Law § 70.02 [4]). A minimum term of imprisonment equal to one half the maximum may be imposed if the robbery is an armed felony offense (Penal Law § 70.02 [4]). An armed felony offense is defined by CPL 1.20 (41) as

"any violent felony offense * * * that includes as an element either:

"(a) possession, being armed with or causing serious physical injury by means of a deadly weapon, if the weapon is a loaded weapon from which a shot, readily capable of producing death or other serious physical injury may be discharged; or

"(b) display of what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm."

Defendant pleaded guilty to robbery in the first degree pursuant to Penal Law § 160.15 (2), an element of which is that the participant be armed with a deadly weapon. Penal Law § 10.00 (12) defines deadly weapon as "any loaded weapon

from which a shot, readily capable of producing death or other serious physical injury, may be discharged, or a switchblade knife, gravity knife, pilum ballistic knife, dagger, billy, blackjack or metal knuckles." Thus, being armed with a firearm is included as an element of first degree robbery. (Penal Law § 160.15 [2].) Therefore, while it has been held that first degree robbery committed with a weapon other than a firearm is not an armed felony *(People v Griffin,* 114 AD2d 756, 757), it is clear that first degree robbery committed with a firearm is an armed felony. Since defendant pleaded guilty to committing first degree robbery while armed with a pistol he was properly sentenced as an armed felony offender.

Defendant's other contentions concerning his plea have been reviewed and found to be without merit. Concur—Murphy, P. J., Sullivan, Milonas, Asch and Smith, JJ.