# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**574**
**KA 13-02107**
PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

MICHAEL D. AGEE, DEFENDANT-APPELLANT.

---

ROBERT M. GRAFF, LOCKPORT, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered March 14, 2013. The appeal was held by this Court by order entered June 19, 2015, decision was reserved and the matter was remitted to Niagara County Court for further proceedings (129 AD3d 1559). The proceedings were held and completed.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: We previously held this case, reserved decision, and remitted the matter for County Court to make and state for the record a determination of whether defendant is a youthful offender (*People v Agee*, 129 AD3d 1559, 1561; *see generally People v Middlebrooks*, 25 NY3d 516, 525-527; *People v Rudolph*, 21 NY3d 497, 499-501). Upon remittal, the court declined to grant defendant youthful offender treatment, stating that it was "not persuaded" of the existence of "any mitigating factor or factors" that would render defendant an eligible youth notwithstanding his conviction of armed felonies (*see* CPL 720.10 [2] [a] [ii]; [3]). We conclude that the court did not thereby abuse its discretion (*see generally Middlebrooks*, 25 NY3d at 526-527). Defendant's participation in the crimes cannot be deemed "relatively minor" (CPL 720.10 [3] [ii]), and we conclude that the court properly determined that there are no "mitigating circumstances that bear directly upon the manner in which the [crimes were] committed" (CPL 720.10 [3] [i]; *see People v Juliano*, 128 AD3d 1521, 1522, *lv denied* 26 NY3d 931; *People v Smith*, 118 AD3d 1492, 1493-1494, *lv denied* 25 NY3d 953). In any event, even assuming, arguendo, that there is sufficient evidence of mitigating circumstances to render defendant eligible for youthful offender treatment, we nevertheless conclude, based on our review of the record and the factors relevant in making a youthful offender determination (*see People v Thomas R.O.*, 136 AD3d 1400, 1402; *see generally* CPL 720.20 [1] [a]), that the court's refusal to adjudicate defendant a youthful offender was not an

abuse of discretion (*see People v Lewis*, 128 AD3d 1400, 1400, *lv denied* 25 NY3d 1203), and we decline to exercise our interest of justice jurisdiction to adjudicate him a youthful offender (*see People v Hall*, 130 AD3d 1495, 1496, *lv denied* 26 NY3d 968; *cf. Thomas R.O.*, 136 AD3d at 1403).

Entered:  June 10, 2016                                    Frances E. Cafarell
                                                          Clerk of the Court