People v Ochoa (2020 NY Slip Op 02156)





People v Ochoa


2020 NY Slip Op 02156


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Gische, J.P., Gesmer, Oing, Moulton, JJ.


11317 1921/15

[*1]The People of the State of New York, Respondent,
v
Ezequiel Ochoa, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Kami Lizarraga of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Robert C. McIver of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered February 6, 2017, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him to a term of six years, unanimously modified, on the law, to the extent of vacating the sentence, and remanding for a further youthful offender determination, and otherwise affirmed.
To the extent that the court concluded that defendant was presumptively ineligible for youthful offender treatment, that determination was incorrect. Defendant's prior conviction of criminal possession of a weapon in the second degree, for "possess[ing] a loaded firearm" (Penal Law § 265.03[1][b]) was not an "armed felony" within the meaning of CPL 720.10(2)(a). As relevant here, CPL 1.20, which CPL 720.10(2)(a) incorporates, defines "armed felony" as "any violent felony offense defined in section 70.02 of the penal law that includes as an element . . . possession . . . of a deadly weapon, if the weapon is a loaded weapon from which a shot, readily capable of producing death or other serious physical injury may be discharged" (CPL 1.20[41][a]). The statutory definition of "loaded firearm" explicitly does not require that the firearm be "actually" loaded, because it includes within the definition a "firearm which is possessed by one who, at the same time, possesses a quantity of ammunition which may be used to discharge such firearm" (Penal Law § 265.00[15]). In contrast, the definition of "deadly weapon" contains no proviso indicating that an actually unloaded weapon is deemed "loaded," and the definition is therefore met, where usable ammunition is readily available. Accordingly, "in order to be a deadly weapon, a gun must actually be loaded, as that term is commonly understood" (People v Wilson, 252 AD2d 241, 246 [4th Dept 1998] [internal quotation marks omitted][citing People v Shaffer, 66 NY2d 663, 664 [1985]). Since a "loaded firearm" is therefore not always a "deadly weapon," the crime to which defendant pleaded guilty did not "include[] as an element . . . possession . . . of a deadly weapon" (CPL 1.20[41][a]), and the court should not have found that defendant's conviction rendered him presumptively ineligible. Accordingly, defendant was eligible to be considered for youthful offender status without any presumption of ineligibility due to the nature of his crime (CPL 720.10[1],[2]; People v Boria, 124 AD3d 467 [1st Dept 2015], lv denied 25 NY3d 1069 [2015]). We therefore remand this matter to the trial court for further proceedings consistent herewith (see People v Rudolph, 21 NY3d 497 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK