People v Meridy (2021 NY Slip Op 02894)





People v Meridy


2021 NY Slip Op 02894


Decided on May 7, 2021


Appellate Division, Fourth Department


Centra, J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


142 KA 18-02283

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JA'KHARI MERIDY, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


Centra, J.P.
 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered September 12, 2018. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Opinion by Centra, J.P.:
On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law
§ 265.03 [3]), defendant contends that he was not convicted of an armed felony offense and that he should be adjudicated a youthful offender. Defendant's contention requires us to resolve whether possession of a loaded firearm is possession of a deadly weapon, as that phrase is used within the definition of armed felony. While ordinary citizens would say that is so (see McKinney's Cons Laws of NY, Book 1, Statutes § 271 [c]), under New York's statutory scheme, that is not always the case. Nevertheless, we reject defendant's contention that possession of a loaded firearm is never an armed felony and conclude that, under the circumstances of this case, defendant was convicted of an armed felony offense. Accordingly, we conclude that the judgment should be affirmed.
Defendant's conviction stems from an incident that occurred one evening when two police officers heard gunshots while on patrol and looked to their right, where they observed three males running away from a gas station. As they ran, each male had an arm extended holding a handgun that was pointed in the direction of the gas station. One officer heard more gunshots and observed muzzle flash on at least one of the firearms. The three males then entered a vehicle that was parked with the engine running; a fourth male was in the driver's seat. The police blocked the vehicle and arrested the driver and the three passengers, one of whom was defendant. Three loaded firearms were recovered from the vehicle, and ballistics reports showed that all three firearms were operable.
Preliminarily, we agree with defendant, and the People correctly concede, that defendant did not waive his right to appeal (see People v Williams, 177 AD3d 1403, 1403-1404 [4th Dept 2019], lv denied 34 NY3d 1164 [2020]; cf. People v Latimore, 179 AD3d 1551, 1551-1552 [4th Dept 2020], lv denied 35 NY3d 971 [2020]).
Every person charged with a crime alleged to have been committed when the person was at least 16 years old and less than 19 years old or a person charged with being a juvenile offender is eligible for youthful offender treatment unless, inter alia, the conviction to be replaced by a youthful offender finding is for "an armed felony as defined in [CPL 1.20 (41)]" (CPL 720.10 [2] [a] [ii]; see CPL 720.10 [1]). Defendant, relying on People v Ochoa (182 AD3d 410 [1st Dept [*2]2020], lv denied 36 NY3d 930 [2020]), contends that he is eligible for youthful offender status because he was not convicted of an armed felony. We reject that contention.
We have repeatedly held that criminal possession of a weapon in the second degree under Penal Law § 265.03 (3) is an armed felony offense (see e.g. People v Jones, 166 AD3d 1479, 1480 [4th Dept 2018], lv denied 32 NY3d 1205 [2019]; People v Lindsey, 166 AD3d 1565, 1565 [4th Dept 2018], lv denied 32 NY3d 1206 [2019]; People v Keith B.J., 158 AD3d 1160, 1160 [4th Dept 2018]; People v Lewis, 128 AD3d 1400, 1400 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]; People v Smith, 118 AD3d 1492, 1493-1494 [4th Dept 2014], lv denied 25 NY3d 953 [2015]; People v Amir W., 107 AD3d 1639, 1640 [4th Dept 2013]). The Court of Appeals has also so held (see People v Middlebrooks, 25 NY3d 516, 522 [2015] ["undisputed" that defendant Lowe was convicted of an armed felony]), as has the Second Department (see e.g. People v Cooper, 159 AD3d 979, 980 [2d Dept 2018]; People v Alston, 145 AD3d 737, 737 [2d Dept 2016]) and the Third Department (see People v Jones, 182 AD3d 698, 698-699 [3d Dept 2020]; People v Williams, 155 AD3d 1260, 1260-1261 [3d Dept 2017], lv denied 30 NY3d 1121 [2018]).
Although we agree with defendant that it does not appear that a defendant has ever argued to this Court that criminal possession of a weapon in the second degree under Penal Law § 265.03 (3) is not an armed felony, we reject defendant's contention that all convictions of criminal possession of a weapon in the second degree under section 265.03 (3) are not armed felony offenses. Only some convictions, and in all likelihood very few convictions, of criminal possession of a weapon in the second degree under section 265.03 (3) are not armed felony offenses.
An "armed felony" is defined in CPL 1.20 (41) as
"any violent felony offense defined in section 70.02 of the penal law that includes as an element either: (a) possession, being armed with or causing serious physical injury by means of a deadly weapon, if the weapon is a loaded weapon from which a shot, readily capable of producing death or other serious physical injury may be discharged; or (b) display of what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm."
Criminal possession of a weapon in the second degree under Penal Law
§ 265.03 (3) is defined in section 70.02 (1) (b) as a class C violent felony offense and includes as an element the possession of a "loaded firearm." Thus, we must determine whether possession of a loaded firearm is possession of a deadly weapon, as that phrase is used in the definition of armed felony.
A "loaded firearm" is defined as "any firearm loaded with ammunition or any firearm which is possessed by one who, at the same time, possesses a quantity of ammunition which may be used to discharge such firearm" (Penal Law § 265.00 [15] [emphasis added]). Thus, a person may be guilty of criminal possession of a weapon in the second degree under section 265.03 (3) without possessing a weapon that is actually loaded, so long as the person is carrying the ammunition. As stated above, a "deadly weapon" as used within the definition of armed felony is a "loaded weapon from which a shot, readily capable of producing death or other serious physical injury may be discharged" (CPL 1.20 [41] [a]). The Penal Law § 10.00 (12) definition of a "deadly weapon" is the same, except that it also includes things such as various knives. With respect to a gun, in order to be a "deadly weapon," it must be both operable and actually loaded with live ammunition (see People v Shaffer, 66 NY2d 663, 664 [1985]; People v Wilson, 252 AD2d 241, 246 [4th Dept 1998] [explaining that "the concept of 'loaded' in Penal Law § 10.00 (12) is narrower than the concept of 'loaded' in Penal Law § 265.00 (15)"]). Stated another way, the definition of a deadly weapon when there is a gun involved means a gun that is loaded and capable of being fired, whereas the definition of a loaded firearm is an operable gun with either live ammunition in the gun or held on the person (see People v Tucker, 55 NY2d 1, 8 [1981], rearg denied 55 NY2d 1039 [1982]). Therefore, in a situation where a defendant has an operable gun that is unloaded but he or she is carrying the ammunition, there is possession of a "loaded firearm," but there is no possession of a "deadly weapon."
In Ochoa, the Court held that the defendant's conviction of criminal possession of a [*3]weapon in the second degree for possessing a loaded firearm was not an armed felony (182 AD3d at 410). The Court explained that "[s]ince a 'loaded firearm' is . . . not always a 'deadly weapon,' the crime to which defendant pleaded guilty did not 'include[] as an element . . . possession . . . of a deadly weapon' (CPL 1.20 [41] [a]), and the court should not have found that defendant's conviction rendered him presumptively ineligible" for youthful offender treatment (id. at 411).
We disagree with the reasoning in Ochoa only to the extent that it held that all convictions of criminal possession of a weapon in the second degree for possessing a loaded firearm are not armed felonies. It is apparent that where a defendant possesses a firearm that is actually loaded with ammunition and is capable of being fired, he or she possesses a deadly weapon and is guilty of an armed felony offense. We conclude that it is appropriate to look at the particular facts of each case to determine whether the defendant is guilty of an armed felony. For example, a person is guilty of robbery in the first degree under Penal Law § 160.15 (2) when he or she commits a robbery while armed with a deadly weapon, which, as noted, includes a switchblade knife or a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, may be discharged (§ 10.00 [12]). To determine if the defendant committed an armed felony, courts look to the definition of deadly weapon as that phrase is used in the definition of armed felony, which excludes knives. Thus, where a defendant is convicted of robbery in the first degree for the use of a knife, that is not an "armed felony" (see People v Griffin, 114 AD2d 756, 757 [1st Dept 1985], lv denied 67 NY2d 762 [1986]; People v Scarpetta, 114 AD2d 766, 767 [1st Dept 1985]). Where, however, the robbery is committed with a loaded, operable firearm, it is an "armed felony" (see People v Jiminez, 165 AD2d 692, 692-693 [1st Dept 1990], lv denied 76 NY2d 987 [1990]). In Jiminez, the Court held that "[s]ince defendant pleaded guilty to committing first degree robbery while armed with a pistol he was properly sentenced as an armed felony offender" (id. at 693), despite the fact that a first-degree robbery conviction is not always an armed felony. Just as courts look to the definition of deadly weapon as that phrase is used in the definition of armed felony to determine that knives are excluded therefrom, so too should courts look to whether the firearm fits within that definition, i.e., a firearm that is actually loaded and capable of being fired.
Here, the record establishes that defendant possessed a weapon that was loaded with ammunition and operable, and defendant does not contend otherwise. Indeed, defendant admitted in a letter to the court that he was in possession of a "fully loaded" firearm the evening of the incident. Thus, under the circumstances of this case, defendant was convicted of an armed felony offense.
A youth convicted of an armed felony offense may still be an eligible youth for youthful offender treatment "if the court determines that one or more of the following factors exist: (i) mitigating circumstances that bear directly upon the manner in which the crime was committed; or (ii) where the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution" (CPL 720.10 [3]). We conclude that County Court did not abuse its discretion in concluding that neither factor exists here (see People v Dukes, 156 AD3d 1443, 1443 [4th Dept 2017], lv denied 31 NY3d 983 [2018]; People v Agee, 140 AD3d 1704, 1704 [4th Dept 2016], lv denied 28 NY3d 925 [2016]). With regard to defendant's participation in the crime, he was one of the three participants who were seen pointing guns in the direction of the gas station. Shots were fired from at least one of those guns and struck the intended target's vehicle, resulting in multiple bullet holes on the passenger side of the vehicle, a shattered back windshield, and a flattened tire. While there was some question whether defendant's gun jammed, he at least tried to fire shots from the loaded weapon he was carrying. His participation in the offense was therefore not minor, even if the incident was orchestrated by the codefendants.
With regard to mitigating circumstances,
" 'traditional sentencing factors, such as the criminal's age, background and criminal history, are not appropriate to the mitigating circumstances analysis . . . Rather, the court must rely on factors related to the defendant's conduct in committing the crime, such as a lack of injury to others or evidence that the defendant did not display a weapon during the crime' . . . , or other factors that are directly related to the crime of which defendant was convicted" (Jones, 166 AD3d [*4]at 1480).
Here, neither the intended target nor any bystander was struck by the bullets that were fired by defendant and the codefendants, but that was merely fortuitous. As the court recognized, this was an attempted execution.
Further, even assuming, arguendo, that there were sufficient mitigating circumstances here, based on our review of the relevant factors to consider in determining whether to afford defendant youthful offender treatment (see People v Cruickshank, 105 AD2d 325, 334 [3d Dept 1985], affd 67 NY2d 625 [1986]; People v Shrubsall, 167 AD2d 929, 930 [4th Dept 1990]), we conclude that the court's refusal to adjudicate defendant a youthful offender was not an abuse of discretion, and we decline to exercise our interest of justice jurisdiction to adjudicate him a youthful offender (see Agee, 140 AD3d at 1704-1705).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court