People v Murray (2021 NY Slip Op 04886)





People v Murray


2021 NY Slip Op 04886


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


664 KA 18-00921

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FURQUAN MURRAY, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered October 6, 2017. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the first degree (Penal Law
§ 140.30 [2]). As an initial matter, defendant correctly contends and the People correctly concede that defendant did not validly waive his right to appeal. County Court "conflated the appeal waiver with the rights automatically waived by the guilty plea . . . and thus the record fails to establish that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Walker, 171 AD3d 1501, 1502 [4th Dept 2019], lv denied 33 NY3d 1074 [2019] [internal quotation marks omitted]). The court also "mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal, and there was no clarification that appellate review remained available for certain issues" (People v Hussein, 192 AD3d 1705, 1706 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Defendant contends that the court abused its discretion in denying his request to substitute counsel (see generally People v Porto, 16 NY3d 93, 99-100 [2010]). Although that contention is not encompassed by his guilty plea inasmuch as, under the circumstances presented here, it "implicates the voluntariness of the plea" (People v Jones, 173 AD3d 1628, 1630 [4th Dept 2019] [internal quotation marks omitted]; cf. People v Guantero, 100 AD3d 1386, 1387 [4th Dept 2012], lv denied 21 NY3d 1004 [2013]), we nonetheless conclude that it is without merit. Contrary to defendant's contention, this is not a case where, "[a]fter refusing to allow defendant to articulate his complaints about defense counsel, the court essentially gave defendant an ultimatum: plead guilty with present counsel or proceed to trial with present counsel" (Jones, 173 AD3d at 1630). Instead, the court "afforded defendant [multiple] opportunit[ies] to express his objections concerning defense counsel, and . . . thereafter reasonably concluded that defendant's objections were without merit" (People v Bethany, 144 AD3d 1666, 1669 [4th Dept 2016], lv denied 29 NY3d 996 [2017], cert denied — US &mdash, 138 S Ct 1571 [2018]; see People v Spencer, 185 AD3d 1440, 1441 [4th Dept 2020]). Further, although it denied defendant's request to discharge assigned counsel, the court did assign a second counsel to assist in defendant's defense and relieve any purported tension between defendant and his original counsel.
Next, even assuming, arguendo, that defendant's pro se oral motion at sentencing to withdraw his guilty plea preserved for our review his contention that his plea was not knowing, [*2]intelligent, and voluntary based on the grounds now raised on appeal (see People v Kosmetatos, 178 AD3d 1433, 1434 [4th Dept 2019], lv denied 35 NY3d 994 [2020]), we conclude that his contention is without merit. The court was not obligated to engage in any specific litany or " 'uniform mandatory catechism of pleading defendant[]' " (People v Alexander, 19 NY3d 203, 219 [2012]), and the record establishes that defendant's plea was knowingly, voluntarily, and intelligently entered "even though some of defendant's responses to the court's inquiries were monosyllabic" (People v Lewis, 114 AD3d 1310, 1311 [4th Dept 2014], lv denied 22 NY3d 1200 [2014]; see People v VanDeViver, 56 AD3d 1118, 1118 [4th Dept 2008], lv denied 11 NY3d 931 [2009], reconsideration denied 12 NY3d 788 [2009]). Thus, we reject defendant's contention that the court abused its discretion in denying defendant's oral motion to withdraw his plea (see People v Long, 183 AD3d 1275, 1276 [4th Dept 2020], lv denied 35 NY3d 1046 [2020], reconsideration denied 35 NY3d 1095 [2020]). We similarly reject defendant's further contention that he was denied the effective assistance of counsel due to defense counsel's failure to file a formal motion to withdraw the plea on those grounds (see People v Weinstock, 129 AD3d 1663, 1664 [4th Dept 2015], lv denied 26 NY3d 1012 [2015]; People v Viscomi, 286 AD2d 886, 886 [4th Dept 2001], lv denied 97 NY2d 763 [2002]).
Defendant forfeited the right to raise his contention that the court erred in its consideration of defendant's request to proceed pro se at trial " 'inasmuch as he pleaded guilty before the court issued a ruling thereon' " (People v Ortega, 175 AD3d 1810, 1811 [4th Dept 2019]). Finally, the sentence is not unduly harsh or severe.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court