People v Young (2022 NY Slip Op 02912)

People v Young

2022 NY Slip Op 02912

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND WINSLOW, JJ.

285 KA 18-02071

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEROLD YOUNG, DEFENDANT-APPELLANT. 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered July 17, 2018. The judgment convicted defendant, upon a plea of guilty, of predatory sexual assault against a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed to an indeterminate term of incarceration of 10 years to life and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of predatory sexual assault against a child (Penal Law § 130.96). Defendant contends, and the People correctly concede, that defendant did not validly waive his right to appeal (see People v Murray, 197 AD3d 1017, 1017 [4th Dept 2021], lv denied 37 NY3d 1147 [2021]). We agree with defendant that, under the particular circumstances of this case, the sentence of incarceration of 14 years to life is unduly harsh and severe. This Court "has broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the permissible statutory range" and may exercise that power, "if the interest of justice warrants, without deference to the sentencing court" (People v Delgado, 80 NY2d 780, 783 [1992]; see CPL 470.15 [6] [b]). We conclude that a reduction in the sentence is appropriate in light of defendant's lack of criminal history and his history of mental health issues stemming from his own abusive upbringing. Further, in his interview with law enforcement, defendant expressed remorse for his actions and an understanding of the trauma that those actions had inflicted on the victim. Thus, as a matter of discretion in the interest of justice, we modify the judgment by reducing the sentence imposed to an indeterminate term of incarceration of 10 years to life (see generally Penal Law § 70.00 [2] [a]; [3] [a] [ii]).
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or further modification of the judgment.
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court