People v Blackshear (2022 NY Slip Op 05447)

People v Blackshear

2022 NY Slip Op 05447

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

679 KA 20-01053

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAMUEL R. BLACKSHEAR, ALSO KNOWN AS SAMUEL BLACKSHEAR, DEFENDANT-APPELLANT. 

CAITLIN M. CONNELLY, BUFFALO, FOR DEFENDANT-APPELLANT. 
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (ANDREW J. DIPASQUALE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered March 22, 2019. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his guilty plea of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court erred in determining that he was not eligible for youthful offender treatment because his conviction was for an armed felony offense (see CPL 1.20 [41]; 720.10 [2] [a] [ii]) and none of the statutory mitigating factors was present (see CPL 720.10 [3]). As an initial matter, as the People correctly concede, defendant's waiver of the right to appeal is invalid " 'because [it] encompassed post-conviction motions' " (People v Grabowski, 200 AD3d 1718, 1718 [4th Dept 2021]).
On the merits, defendant does not dispute that he was convicted of an armed felony offense (see CPL 1.20 [41]), but contends that the court should have determined him to be eligible for youthful offender treatment because there were "mitigating circumstances that bear directly upon the manner in which the crime was committed" (CPL 720.10 [3] [i]). We conclude that the court did not abuse its discretion in denying youthful offender treatment upon its finding that no such mitigating circumstances existed (see generally People v Dukes, 156 AD3d 1443, 1443 [4th Dept 2017], lv denied 31 NY3d 983 [2018]). Contrary to defendant's contention, the record does not reflect that defendant merely possessed the subject handgun in order to defend others. Rather, the record establishes that defendant possessed the handgun while engaging in an act of retaliation, during which he pursued his target in order to fire the gun at that person at close range (see generally People v Jones, 166 AD3d 1479, 1480 [4th Dept 2018], lv denied 32 NY3d 1205 [2019]). After the court determined, in its discretion, that none of the mitigating factors set forth in CPL 720.10 (3) was present and stated the reasons for that determination on the record, "no further determination [with respect to youthful offender treatment was] required" (People v Gonzalez, 171 AD3d 1502, 1503 [4th Dept 2019]).
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court