People v Seymour (2022 NY Slip Op 05648)

People v Seymour

2022 NY Slip Op 05648

Decided on October 7, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND NEMOYER, JJ.

742 KA 20-00319

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH SEYMOUR, DEFENDANT-APPELLANT. 

HUNT LAW OFFICE, SYRACUSE (MARSHA A. HUNT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered September 27, 2018. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree (three counts) and criminal possession of a firearm (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of three counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and three counts of criminal possession of a firearm (§ 265.01-b [1]). Contrary to defendant's contention, County Court did not err in concluding that defendant was not an eligible youth and therefore denying defendant youthful offender treatment (see People v Williams, 197 AD3d 975, 976 [4th Dept 2021], lv denied 37 NY3d 1062 [2021]; People v Gonzalez, 185 AD3d 1436, 1436-1437 [4th Dept 2020], lv denied 35 NY3d 1094 [2020]). Where, as here, a defendant is convicted of an armed felony (see CPL 1.20 [41]; People v Meridy, 196 AD3d 1, 3-6 [4th Dept 2021], lv denied 37 NY3d 973 [2021]), he or she may be adjudicated a youthful offender only where he or she was not the sole participant in the crime and his or her participation was relatively minor (see CPL 720.10 [3] [ii]), or where there are "mitigating circumstances that bear directly upon the manner in which the crime was committed" (CPL 720.10 [3] [i]), i.e., circumstances that "bear directly on defendant's personal conduct in committing the crime" (People v Garcia, 84 NY2d 336, 342 [1994]; see People v Jones, 166 AD3d 1479, 1480 [4th Dept 2018], lv denied 32 NY3d 1205 [2019]). As we noted in a codefendant's appeal, defendant was one of three participants who police officers saw pointing guns in the direction of a gas station after they heard gunshots while on patrol (see Meridy, 196 AD3d at 3, 7). The officers heard more gunshots as the three men ran away and observed muzzle flash on at least one of the firearms. Defendant's participation in the offense was therefore not minor, and we also conclude that there were no mitigating circumstances bearing directly upon the manner in which the crime was committed (see id. at 7).
Contrary to defendant's further contention, the sentence is not unduly harsh or severe.
Entered: October 7, 2022
Ann Dillon Flynn
Clerk of the Court