People v Marshall (2023 NY Slip Op 01426)

People v Marshall

2023 NY Slip Op 01426

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

258 KA 22-00587

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ZACHARY MARSHALL, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (AUSTIN MILONE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered March 30, 2022. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The conviction arose from an incident in which defendant, after being handed a semiautomatic handgun by a companion who was engaged in a verbal argument with another person while that person's friend (victim) attempted to quell the situation, approached from behind and fatally shot the victim six times in the back. We affirm.
As an initial matter, defendant correctly contends and the People correctly concede that defendant did not validly waive his right to appeal. County Court "conflated the appeal waiver with the rights automatically waived by the guilty plea . . . and thus the record fails to establish that defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Murray, 197 AD3d 1017, 1017 [4th Dept 2021], lv denied 37 NY3d 1147 [2021] [internal quotation marks omitted]; see People v Jones, 211 AD3d 1489, 1490 [4th Dept 2022]; People v Rodriguez, 199 AD3d 1458, 1458 [4th Dept 2021], lv denied 37 NY3d 1164 [2022]). The court also " 'mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal, and there was no clarification that appellate review remained available for certain issues' " (Murray, 197 AD3d at 1017; see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; Jones, 211 AD3d at 1490; Rodriguez, 199 AD3d at 1458).
Defendant contends that the court erred in refusing to adjudicate him a youthful offender. We reject that contention. Where, as here, a defendant is convicted of an armed felony (see CPL 1.20 [41]; People v Meridy, 196 AD3d 1, 3-6 [4th Dept 2021], lv denied 37 NY3d 973 [2021]), he or she may be adjudicated a youthful offender only where he or she was not the sole participant in the crime and his or her participation was relatively minor (see CPL 720.10 [3] [ii]), or where there are "mitigating circumstances that bear directly upon the manner in which the crime was committed" (CPL 720.10 [3] [i]), i.e., circumstances that "bear directly on defendant's personal conduct in committing the crime" (People v Garcia, 84 NY2d 336, 342 [1994]; see People v Jones, 166 AD3d 1479, 1480 [4th Dept 2018], lv denied 32 NY3d 1205 [2019]). "Factors 'directly' flowing from and relating to defendant's personal conduct while committing the crime qualify" as appropriate mitigating circumstances in this context; however, "generally, defendant's age, background, criminal history and drug habit do not pertain to defendant's direct manner in the commission of the crime" (Garcia, 84 NY2d at 342; see [*2]Meridy, 196 AD3d at 7; Jones, 166 AD3d at 1480).
Here, we conclude that the court did not abuse its discretion in determining that defendant was not eligible for youthful offender status inasmuch as it is undisputed that defendant's participation in the crime was not relatively minor (see CPL 720.10 [3] [ii]) and, contrary to defendant's contention, the record does not establish the existence of any "mitigating circumstances that bear directly upon the manner in which the crime was committed" (CPL 720.10 [3] [i]; see People v Blackshear, 208 AD3d 1635, 1636 [4th Dept 2022], lv denied 39 NY3d 961 [2022]; People v Flores, 134 AD3d 425, 426 [1st Dept 2015], lv denied 29 NY3d 948 [2017]; People v Victor J., 283 AD2d 205, 206-207 [1st Dept 2001], lv denied 96 NY2d 942 [2001]; cf. People v John B., 93 AD2d 957, 957 [3d Dept 1983]). Further, even assuming, arguendo, that there were sufficient mitigating circumstances here, based on our review of the relevant factors to consider in determining whether to afford defendant youthful offender treatment (see People v Cruickshank, 105 AD2d 325, 334 [3d Dept 1985], affd 67 NY2d 625 [1986]; People v Shrubsall, 167 AD2d 929, 930 [4th Dept 1990]), we conclude that the court's refusal to adjudicate him a youthful offender was not an abuse of discretion, and we decline to exercise our interest of justice jurisdiction to adjudicate him a youthful offender (see Meridy, 196 AD3d at 7-8; People v Agee, 140 AD3d 1704, 1705 [4th Dept 2016], lv denied 28 NY3d 925 [2016]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court