People v Morrison (2023 NY Slip Op 03145)

People v Morrison

2023 NY Slip Op 03145

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, AND OGDEN, JJ.

494 KA 19-02337

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM MORRISON, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN R. HUTCHISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. MATTLE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Paul Wojtaszek, J.), rendered November 12, 2019. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the period of postrelease supervision to 2½ years and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that he did not validly waive his right to appeal and that his sentence is unduly harsh and severe. As defendant contends, his waiver of the right to appeal is invalid because Supreme Court's oral colloquy "mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal, and there was no clarification that appellate review remained available for certain issues" (People v Marshall, 214 AD3d 1360, 1361 [4th Dept 2023] [internal quotation marks omitted]; see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
As part of the plea agreement, the court stated that, in exchange for his guilty plea, it would sentence defendant to a prison term of 3½ years with a 2½-year period of postrelease supervision. We agree with defendant that the court erred when, at sentencing, it imposed a 3-year period of postrelease supervision, which departed from the express terms of the plea agreement, despite the fact that the court acknowledged that there had been no material changes in defendant's circumstances since the plea (see People v Smith, 101 AD3d 1677, 1677 [4th Dept 2012], lv denied 20 NY3d 1104 [2013]). Although defendant failed to preserve his contention for our review (see People v Sprague, 82 AD3d 1649, 1649 [4th Dept 2011], lv denied 17 NY3d 801 [2011]; see also Smith, 101 AD3d at 1677), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Thus, we modify the judgment by reducing the period of postrelease supervision to 2½ years, in accordance with the court's sentencing promise. As modified, the sentence is not unduly harsh or severe.
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court