People v Thompson (2023 NY Slip Op 04842)

People v Thompson

2023 NY Slip Op 04842

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, OGDEN, AND DELCONTE, JJ.

599 KA 17-02030

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GREGORY THOMPSON, DEFENDANT-APPELLANT. 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Walter W. Hafner, Jr., A.J.), rendered October 26, 2016. The judgment convicted defendant upon a plea of guilty of driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs and aggravated unlicensed operation of a motor vehicle in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, as a class E felony (DWAI) (Vehicle and Traffic Law §§ 1192 [4-a]; 1193 [1] [c] [i] [A]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a]). We affirm.
Initially, as defendant contends and as the People correctly concede, defendant's waiver of the right to appeal is invalid. Here, there is no basis in the record upon which to conclude that County Court "ensured 'that . . . defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Jones, 107 AD3d 1589, 1590 [4th Dept 2013], lv denied 21 NY3d 1075 [2013], quoting People v Lopez, 6 NY3d 248, 256 [2006]; see People v Robbins, 213 AD3d 1278, 1279 [4th Dept 2023]). In addition, the court mischaracterized the waiver as an "absolute bar" to the taking of an appeal (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Marshall, 214 AD3d 1360, 1361 [4th Dept 2023], lv denied 40 NY3d 929 [2023]).
Defendant also contends that his plea was not knowingly, voluntarily, and intelligently entered and that the allocution with respect to DWAI was factually insufficient. Although his voluntariness contention would survive even a valid waiver of the right to appeal (see People v Nelson, 206 AD3d 1703, 1703-1704 [4th Dept 2022], lv denied 38 NY3d 1152 [2022]; People v Barzee, 204 AD3d 1422, 1422 [4th Dept 2022], lv denied 38 NY3d 1132 [2022]; see generally People v Seaberg, 74 NY2d 1, 10 [1989]), defendant failed to move to withdraw his plea or to vacate the judgment of conviction on the grounds now advanced on appeal, and therefore he failed to preserve his contentions for our review (see Barzee, 204 AD3d at 1423). We further conclude that the narrow exception to the preservation rule set forth in People v Lopez (71 NY2d 662, 666 [1988]) does not apply in this case. We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court