People v Cameron (2023 NY Slip Op 06651)

People v Cameron

2023 NY Slip Op 06651

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND DELCONTE, JJ.

925 KA 19-01491

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RASHAUN CAMERON, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (THOMAS M. LEITH OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered June 29, 2018. The judgment convicted defendant upon his plea of guilty of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law
§ 140.25 [2]). As defendant contends and the People correctly concede, his waiver of the right to appeal is invalid. There is no basis in the record upon which to conclude that Supreme Court "ensured that . . . defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Thompson, 219 AD3d 1666, 1667 [4th Dept 2023] [internal quotation marks omitted]; see People v Robbins, 213 AD3d 1278, 1279 [4th Dept 2023]). In addition, the court mischaracterized the waiver as an "absolute bar" to the taking of an appeal (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Marshall, 214 AD3d 1360, 1361 [4th Dept 2023], lv denied 40 NY3d 929 [2023]). Contrary to defendant's contention, however, the sentence is not unduly harsh or severe.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court