People v Pringle (2026 NY Slip Op 00697)

People v Pringle

2026 NY Slip Op 00697

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, GREENWOOD, AND HANNAH, JJ.

122 KA 22-01816

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vOZELLEON PRINGLE, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (RYAN M. BERGMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered September 7, 2022. The judgment convicted defendant upon his plea of guilty of attempted murder in the second degree, criminal possession of a weapon in the second degree (two counts), reckless endangerment in the first degree and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]), reckless endangerment in the first degree (§ 120.25), and assault in the second degree (§ 120.05 [2]). Defendant's conviction stems from his conduct in firing gunshots at a person inside a motor vehicle. The victim sustained gunshot wounds to his lower right back and upper right leg.
We reject defendant's contention that the waiver of the right to appeal is invalid. The oral colloquy, together with the written waiver, "was sufficient to support a knowing and voluntary waiver under the totality of the circumstances" (People v Thomas, 34 NY3d 545, 564 [2019], cert denied — US —, 140 S Ct 2634 [2020]; see People v Drake, 195 AD3d 1442, 1442 [4th Dept 2021], lv denied 37 NY3d 991 [2021], reconsideration denied 37 NY3d 1059 [2021]).
Defendant contends that County Court erred in refusing to adjudicate him a youthful offender. Although ordinarily a valid waiver of the right to appeal forecloses appellate review of a sentencing court's discretionary decision to deny youthful offender status (see People v Pacherille, 25 NY3d 1021, 1023-1024 [2015]), defendant expressly reserved his right to challenge that determination on appeal.
Inasmuch as defendant was convicted of armed felony offenses, "the court was required to make a threshold determination whether defendant was an eligible youth pursuant to CPL 720.10 (3) before considering the range of factors pertinent to a youthful offender determination" (People v Glover, 239 AD3d 1459, 1461 [4th Dept 2025], lv denied 44 NY3d 982 [2025]). A youth convicted of an armed felony offense is an eligible youth "if the court determines that one or more of the following factors exist: (i) mitigating circumstances that bear directly upon the manner in which the crime was committed; or (ii) where the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution" (CPL 720.10 [3]). Here, defendant was the sole participant in the crime, and we agree with the court that there were no mitigating circumstances bearing directly on the manner in which the crime was committed (see People v Rivera, 202 AD3d 1480, 1481 [4th Dept 2022], affd 41 NY3d 936 [2023]; People v Blackshear, 208 AD3d 1635, 1636 [4th Dept 2022], lv denied 39 NY3d 961 [2022]). Contrary to defendant's contention, his "background . . . and drug habit do not pertain to [his] direct manner in the [*2]commission of the crime" (People v Garcia, 84 NY2d 336, 342 [1994]; see People v Marshall, 214 AD3d 1360, 1361 [4th Dept 2023], lv denied 40 NY3d 929 [2023]).
The valid waiver of the right to appeal encompasses defendant's challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255 [2006]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court